UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-80610-CIV-MARRA/JOHNSON

SUSAN SOMMERS,

   Plaintiff,

vs.

ERWIN MICHELFELDER as
Executor of the Estate of ELEANORE
MICHELFELDER, Deceased

   Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Erwin Michelfelder's Motion to Dismiss the Complaint (DE 3), filed June 26, 2008.  Plaintiff Susan Sommers filed a response to the motion (DE 6 and 7) on July 11, 2008.  No reply memorandum was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On June 6, 2008, Plaintiff Susan Sommers ("Plaintiff"), who is proceeding pro se, filed a "Complaint to have Will of January 29, 2008 of Eleanore Michelfelder, Deceased Annulled and Declared Void" (DE 1).   The Complaint, which asserts diversity jurisdiction, states that Plaintiff is a citizen of Florida. (Compl. ¶ ¶ 4, 4(B),[1] 7.)   According to the Complaint, Defendant Erwin Michelfelder ("Defendant") is a citizen of Pennsylvania and the executor of the estate of decedent Eleanore Michelfelder, who was a citizen of Pennsylvania.  (Compl. ¶ ¶ 3-4(a),(c).

---

[1] The Complaint has two paragraphs numbered "4."  This citation refers to both of those paragraphs.

Plaintiff, the step-granddaughter of decedent and alleged "legal heir" to decedent's estate, seeks to annul the last will and testament of decedent based on undue influence, prevent the distribution of the property and bar the will from probate proceedings. (Compl. ¶¶ 4-6, 15, 43.) Attached to the Complaint are the Last Will and Testament of decedent and Petition for Probate and Grant of Letters before the Register of Wills of Bucks County, Pennsylvania filed by Defendant. (Exs. A and B, attached to Compl.)

The Complaint does not allege that any assets of the estate of decedent are located in Florida.  Nor does the Complaint allege any contacts between decedent and Florida or Defendant and Florida. Finally, none of the allegations relating to undue influence reference any acts or omissions that occurred in Florida.  (Compl. ¶¶ 32-41.)

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction, personal jurisdiction and venue.  In making its argument for lack of subject matter jurisdiction, Defendant invokes the probate exception to federal jurisdiction.  In moving for dismissal for lack of personal jurisdiction and venue, Defendant points out that the Complaint alleges no contacts by Defendant to the state of Florida.  In response, Plaintiff asserts that the probate exception does not apply because Defendant allegedly asserted undue influence over decedent.  Finally, Plaintiff does not contest the lack of contact by Defendant to the state of Florida. Instead, Plaintiff states that "[t]he physical location of the Federal Court should not be an issue as all Federal Court's operate under the same principals of laws as all other Federal District Courts. [sic]"[2] (DE 7 at

---

[2] Plaintiff claims that Defendant only served her with the memorandum of law in support of the motion to dismiss and did not serve the motion or exhibits attached thereto. (DE 7 at 13.) In response, counsel for Defendant filed an affidavit stating that he served Plaintiff with those documents and attached a copy of his cover letter indicating service and a certificate of mailing (DE 9). The Court notes that no exhibits were attached to Defendant's filings. Besides the

2

11.)

## II. Subject-Matter Jurisdiction

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).  Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim.  See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Of particular import here is the United States Supreme Court case Marshall v. Marshall, 547 U.S. 293 (2006) which outlines the probate exception to federal jurisdiction.  That exception is best summed up by the following passage from Marshall:

> when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res. *Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate*; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-12 (internal citations omitted) (emphasis added).

A recent post-Marshall decision from the Sixth Circuit, Wisecarver v. Moore, 489 F.3d 747 (6th Cir. 2007), explained that a claim for undue influence would fall under the probate exception when that claim sought to interfere with the res in state court probate proceedings or asked the

---

memorandum of law, Defendant did file a document labeled "motion to dismiss."  That document made numerous unsupported factual assertions and thus was not considered in ruling on this motion.  Defendant also submitted a proposed order which was disregarded pursuant to Rule 7.1(A)(2) of the Local Rules for the Southern District of Florida.

federal court to probate a will. Id. at 751. On the other hand, an undue influence claim would not fall within the scope of the probate exception if that claim sought in personam jurisdiction over a defendant for money damages. Id.; see also Masood v. Saleemi, No. C06-1104JLR, 2007 WL 2069853, at * 2 (W.D. Wash. July 13, 2007) (claims that sound in tort do not fall under the probate exception).

Here, the allegations of the Complaint fall squarely within the probate exception as defined in Marshall. The will that Plaintiff seeks to invalidate is before the Pennsylvania probate court. In other words, Plaintiff moves to have this Court control the res - the estate of decedent- by invalidating the will and barring the will from being probated in Pennsylvania. Notably, Plaintiff does not seek monetary damages. Under the clear directive of Marshall, this Court is precluded from assuming jurisdiction over this action.

In response, Plaintiff contends that the probate exception is inapplicable. Plaintiff states that she does not seek to "administer the estate of decedent," "but to review the conduct of [D]efendant." While Defendant's alleged conduct provides the factual underpinnings for Plaintiff's relief, the relief sought is the annulment of the will (Compl. ¶ 6). Marshall clearly precludes assertion of jurisdiction under those circumstances. Marshall, 547 U.S. at 311-12 ("the probate exception reserves to state probate courts the probate or annulment of a will").

Thus, for the foregoing reasons, the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction.

III. Personal Jurisdiction and Venue

Defendant also moves for dismissal based on lack of personal jurisdiction and venue. In examining a challenge to personal jurisdiction, the Court first looks to see whether the plaintiff

4

has met his/her burden of pleading "sufficient material facts to establish the basis for exercise of such jurisdiction." Future Tech. Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1249 (11th Cir. 2000). If the plaintiff has not alleged sufficient facts to support long arm jurisdiction over a defendant, the burden does not shift to a defendant to make a prima facie showing of the inapplicability of the long arm statute. Id.

A review of the Complaint shows that Plaintiff has made no allegations to support an assertion of personal jurisdiction over Defendant by this Court. Plaintiff has not alleged that Defendant has any contacts with the state of Florida or that any act relating to this claim arose in the state of Florida. Indeed, the only connection to Florida is Plaintiff's Florida residency. Significantly, Plaintiff's response to the motion to dismiss did not provide any additional basis for finding a connection between Florida and Defendant. Thus, Plaintiff has not met her burden and dismissal for lack of personal jurisdiction is warranted. Likewise, for the same reason, Plaintiff has not met her burden with respect to venue. See 28 U.S.C. § 1391(a)(3) (venue is proper if action is brought in judicial district in which a defendant is subject to personal jurisdiction).[3]

---

[3] Venue is also proper in any judicial district where any defendant resides or where substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(a)(1) and (2). Nothing in the Complaint or Plaintiff's response to the motion suggests that Plaintiff has met her burden on either of those bases. Thus, venue is not proper in this district.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Erwin Michelfelder's Motion to Dismiss the Complaint (DE 3) is **GRANTED.** The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.[4]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of August 2008.

_____
KENNETH A. MARRA
United States District Judge

---

[4] Because Plaintiff has not challenged Defendant's assertion that he does not have any contacts with Florida or the assertion that none of the alleged acts giving rise to Plaintiff's claim occurred in Florida, allowing Plaintiff to amend the Complaint would be futile.